**Joseph A. KERSAVAGE, Plaintiff,**

v.

**The UNIVERSITY OF TENNESSEE, et al., Defendants.**

**No. CIV–3–88–1002.**

United States District Court,
E.D. Tennessee, N.D.

Oct. 2, 1989.

Opinion on Injunctive Relief
Dec. 5, 1989.

Stanley G. Emert, Jr., Lockridge & Becker, Knoxville, Tenn., for plaintiff.

Beauchamp E. Brogan, Gen. Counsel and Ronald C. Leadbetter, Associate Gen. Counsel, University of Tennessee, Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION

JORDAN, District Judge.

This is a patent infringement action brought by the plaintiff Joseph A. Kersavage against the defendants University of Tennessee (University), Thomas F. Moriarty, and Peter Von Buelow. [Doc. 1.] The plaintiff alleges that he is the inventor of and patent holder on a structural design that the defendants allegedly used its soliciting for and obtaining a defense contract with the United States Air Force. The defendants have filed a motion to dismiss or for summary judgment on the grounds of absolute and qualified immunity. [Docs. 7, 7A, 15 and 19.] The plaintiff has filed his responses. [Docs. 14, 18.]

The two individual defendants and the plaintiff are all professors at the University of Tennessee. Professors Moriarty and Von Buelow provided architectural services under contracts between the United States Air Force and the University for the design, development, and testing of a bomb-proof structure in the course and scope of their employment with the University. [Affidavits of Moriarty and Von Buelow.] From the design drawing submitted by the parties, the plaintiff's structure is apparently similar to the design utilized by these defendants; however, the defendants do

not rely solely on their contention that they did not in fact infringe upon the plaintiff's patent and rely primarily upon their contention that they are entitled to absolute and qualified immunity under the Eleventh Amendment from suit for patent infringement. The Court is of the opinion that disposition of the defendants' motion depends on the immunity issues because the issue of infringement *vel non* is a question of fact. *See, e.g., Black, Sivalls & Bryson, Inc. v. Keystone Steel Fabrication, Inc.,* 584 F.2d 946, 950 (10th Cir.1978).

■ No question is raised by the parties that the University of Tennessee is an arm of the State of Tennessee; this is now well-settled law. *See Jain v. University of Tennessee,* 670 F.Supp. 1388, 1390 (W.D. Tenn.1987), *affirmed* 843 F.2d 1391 (6th Cir.1988). Consequently, the University may invoke the Eleventh Amendment to bar a suit against it for damages absent a waiver of immunity by the State Legislature, *e.g., Jenkins v. Loudon County,* 736 S.W.2d 603, 604–605 (Tenn.1987), or by Congress under an applicable provision of the Constitution, *e.g., Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 3145–3147, 87 L.Ed.2d 171 (1985). As against the State and its institutions or departments (but not its political subdivision), immunity under the Eleventh Amendment, when it applies, is absolute in federal courts, although certain equitable remedies against the State do not fall within the immunity provided by the Eleventh Amendment. *E.g., Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

■ For Congress to abrogate the immunity of a State, the cases of the United States Supreme Court have required a "showing of congressional purpose ... 'by clear language that the constitutional immunity was swept away.'" *Quern,* 99 S.Ct. at 1146. Although the language need not necessarily be explicit, congressional intent to remove immunity must at least be so manifest from the legislative history that no other conclusion can be reached. In the present case, the plaintiff contends that the patent laws, 35 U.S.C. §§ 1, *et seq.,*

being peculiarly federal, implicitly abrogates such immunity. Under 35 U.S.C. § 271(a), the plaintiff argues that the definition of infringement is so broad that it includes States: "Except as otherwise provided in this Title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent."

Recently, the Ninth Circuit held that a State university was entitled to immunity under the Eleventh Amendment in a copyright infringement action. *See BV Engineering v. University of California,* 858 F.2d 1394 (9th Cir.1988). Like the patent laws, the copyright statute was enacted by Congress under Article I, § 8, clause 8 of the Constitution and these statutes provide essentially identical remedies for infringement, including injunctive relief. *See* 17 U.S.C. §§ 101, *et seq.* The Ninth Circuit recognized that the Supreme Court's test for abrogation of Eleventh Amendment immunity is stringent. 858 F.2d at 1397. In examining the language of the Copyright Act of 1976, the Court observed that 17 U.S.C. § 501(a) is extremely broad, reaching "'[a]nyone who violates the exclusive rights of the copyright owner.'" *Id.,* at 1398. Relying on *Atascadero State Hospital v. Scanlon, supra,* the Ninth Circuit found that Congress did not intend the Copyright Act "to subject unconsenting States to suit for damages in federal court." *Id.*

The plaintiff in the present case asserts the same argument that the sweeping language of the patent statute constitutes a waiver of immunity; however, in *Atascadero State Hospital v. Scanlon,* the Supreme Court rejected substantially the same argument in view of the Eleventh Amendment and the special position occupied by the States in the federal system. 105 S.Ct. at 3147–3149. "A general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment." *Id.,* 105 S.Ct. at 3149. A similar result was reached by the Fourth Circuit in *Richard Anderson Photography v. Brown,* 852

F.2d 114 (4th Cir.1988). *Brown* in another copyright infringement action against a State University as well as against individual defendants in their official and personal capacities. *See also Lane v. First National Bank*, 687 F.Supp. 11, 14–15 (D.Mass. 1988); *Woelffer v. Happy States of America, Inc.*, 626 F.Supp. 499, 501–506 (N.D.Ill. 1985); *Mihalek Corporation v. State of Michigan*, 595 F.Supp. 903, 905–907 (E.D. Mich.1984).[1] The Court simply sees no viable distinction between copyright and patent cases in the context of Eleventh Amendment immunity from damages suits.

■ The plaintiff in the case *sub judice* does not cite any other provision of the patent law than 35 U.S.C. § 271 as authority for his position that this general provision was intended to abrogate State immunity under the Eleventh Amendment and this Court can find no other provision that would support the plaintiff's contentions in this regard. Clearly, no express waiver is contained in the patent statute and *Scanlon* put to rest the issue of implied waivers of the Eleventh Amendment immunity previously recognized by *Parden v. Terminal Railway of Alabama Docks Department*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). *See Welch v. Texas Department of Highways*, 483 U.S. 468, 107 S.Ct. 2941, 2948, 97 L.Ed.2d 389 (1987) (partially overruling *Parden* to require abrogation of immunity by Congress to be expressed clearly). The Court is, therefore, convinced that the University is itself absolutely immune from suit for damages for patent infringement under the Eleventh Amendment.

■ Nevertheless, the Court must next consider the qualified immunity of the two individual defendants and the susceptibility of the University to injunctive relief. The individual defendants argue that they acted solely as agents for the University and thus share its absolute immunity to the extent that they are sued in their official capacities and may invoke qualified immunity to the extent that they are sued in their personal capacities. As the Fourth Circuit noted in *Brown*, however, "[t]he mere fact that [a party's] conduct was undertaken in the course of ... State employment does not of course relieve [the party] of individual liability, even if [the] employer could not be sued for it." *Id.*, at 122. The *Brown* court found an individual defendant amenable to suit for copyright violations, despite that defendant's employment by a State institution. Moreover, the Court does not believe that qualified immunity applies to the individual defendants as a matter of law because the law of patent infringement is clearly established, relegating the application of such immunity to be decided as a question of fact. *See, e.g., Manion v. Michigan Board of Medicine*, 765 F.2d 590, 597–598 (6th Cir.1985).

■ Finally, the parties did not specifically or adequately address the issue of the availability of injunctive relief against the University in their briefs filed in this Court. Prospective injunctive relief that does not reach the State treasury is not necessarily barred by the Eleventh Amendment. *See, e.g., Quern v. Jordan*, 99 S.Ct. at 1147–1149. Before ruling on this issue, the Court would be assisted by additional briefs from the parties specifically addressing it.

The Court, therefore, ORDERS:

1. That the defendants' motion to dismiss or for summary judgment [docs. 7, 7A, 15 and 19] is GRANTED IN PART and the plaintiff's action for damages for patent infringement against the University of Tennessee only, but not against the two individual defendants Moriarty and Von Buelow in their personal capacities, is DISMISSED;

2. That the defendants' motion to dismiss or for summary judgment as to the two individual defendants on grounds of qualified immunity from suit for damages or injunctive relief for patent infringement is DENIED IN PART; and

1. The plaintiff cited *Lemelson v. Ampex Corp.*, 372 F.Supp. 708 (N.D.Ill.1974), for authority that the State may be liable for patent infringement, but in view of the weight and tenor of current authority, the court rejects reliance on this now isolated anomalous trial court decision.

3. That the Court DEFERS ruling on the defendants' motion to dismiss or for partial summary judgment, as it applies to injunctive relief against the University of Tennessee, and DIRECTS the defendant University of Tennessee to file a concise supplemental brief on this issue, not to exceed ten (10) pages, by 5:00 p.m., Tuesday, October 17, 1989, and further DIRECTS the plaintiff to respond with a brief, also not to exceed ten (10) pages, by 5:00 p.m., Monday, October 30, 1989.

## MEMORANDUM OPINION ON INJUNCTIVE RELIEF

This is an action against The University of Tennessee and two university employees for patent infringement. On October 2, 1989, the Court entered a Memorandum Opinion and Order [docs. 20, 21] in which it held that The University of Tennessee is immune from damages claims for patent infringement in federal court under the Eleventh Amendment and that the two individual defendants, sued in their official and individual capacities, are not entitled to qualified immunity. The Court directed the parties to file supplemental briefs on the issue of the availability of injunctive relief against The University of Tennessee under the Eleventh Amendment. In addition to their supplemental brief [doc. 22], the defendants have also filed a motion for reconsideration of the Court's denial of qualified immunity [docs. 23, 23A]. The plaintiff has responded to both the defendants' supplemental brief [doc. 24] and to their motion for reconsideration [doc. 25].

I. *Availability of Injunctive Relief*

■ The University of Tennessee is indisputably sued as an entity or department of the State of Tennessee. Under the language of the Eleventh Amendment, a federal court's jurisdiction does not "extend to any suit in law or equity" and "[t]hus, [it] by its terms clearly applies to a suit seeking an injunction, a remedy available only from equity." *Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982).

Nevertheless, prospective injunctive relief against a State official sued in his official capacity is not necessarily barred by this amendment. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). *See also Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Consequently, the Court must conclude that any injunctive relief available to the plaintiff must be sought against the two individual defendants in their official and personal capacities and that The University of Tennessee is itself protected by the Eleventh Amendment from all claims for both damages and injunctive relief in federal court.

■ The plaintiff's contention that The University has deprived him of a recognized property right must be rejected for at least two reasons: (1) This action has not been brought pursuant to 42 U.S.C. § 1983 and is a patent infringement case and thus the cases on which he relies in this regard are not on point; (2) regardless, even § 1983 actions against the State itself are barred by the Eleventh Amendment unless brought against an official of the State rather than an entity or department of the State. *See Pennhurst State School and Hospital, supra*, 104 S.Ct. at 908–909. *See also Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan, supra*. The University must, therefore, be dismissed and any remedy available to the plaintiff is limited to the claims against the two individual defendants.

II. *Reconsideration of Qualified Immunity*

The two individual defendants reassert their defense of qualified immunity, contending that under applicable precedent they could not have known that their conduct violated established law. The Court is quite aware of the law controlling qualified immunity and is of the opinion that the defendants misapprehend the nature of this defense in the present context, which is not a civil rights action and which is exclusively a patent infringement suit.

The question of whether these two individual defendants infringed the plaintiff's patent does not present the kind of question or circumstances to which a defense of qualified immunity applies. The issue is wholly factual. *E.g., Black Sivalls & Bryson, Inc. v. Keystone Steel Fabrication, Inc.*, 584 F.2d 946 (10th Cir.1978). The arguments posed by the defendants implicitly recognized this. Although the question of qualified immunity is initially one of law, the Court is convinced that based on the allegations of the complaint, the individual defendants are not entitled to qualified immunity.

Qualified immunity requires the contours of the law to be sufficiently clear "for any reasonable official in the defendant's position to know that what the official is doing violates [a] right." *Danese v. Asman*, 875 F.2d 1239, 1242 (6th Cir.1989). The complaint and evidence submitted in support of the motions presently before the Court raise an issue of fact based on allegations that the defendants were aware of the plaintiff's patent rights and used a similar invention in a manner that infringed these rights. If true, the defendants surely knew under established patent law that their actions would violate the law protecting patent rights. Furthermore, denial of qualified immunity as a matter of law permits the defense to be asserted as one of good faith immunity to liability to be decided on the facts. *See, e.g., Kennedy v. City of Cleveland*, 797 F.2d 297, 300 (6th Cir. 1986).

Finally, the Court is troubled by the defendants' apparent argument that the State and its employees may infringe upon patent rights essentially with impunity. Fairness demands that legislation is needed either to subject the State to the intellectual property laws or to exclude the States from securing and suing upon patents and copyrights.[1] Patent infringement does not present the kind of circumstances involving civil or constitutional rights in which qualified immunity is usually raised as a defense. The Court is of the opinion that the policies underlying qualified immunity are not implicated in this kind of case.

Accordingly, the Court ORDERS:

1. That The University of Tennessee's motion to dismiss or for summary judgment [docs. 7, 7A, 15, 19, and 22] solely as to the plaintiff's claims against it is GRANTED and The University of Tennessee is DISMISSED as a party defendant; and

2. That the motion of the two individual defendants, Thomas F. Moriarity and Peter Von Buelow, for reconsideration of their claims of qualified immunity [docs. 23, 23A] is DENIED, leaving them as the remaining party defendants in this case.

1. *Cf.* 17 U.S.C. sec. 105 ("Copyright protection under this title is not available for any work of the United States government ...").