**Sandra J. ROOKS, Plaintiff,**

v.

**CHATTANOOGA ELECTRIC POWER BOARD, Defendant.**

No. CIV-1-89-381.

United States District Court,
E.D. Tennessee, S.D.

May 8, 1990.

Donald Mart Lasley, Soddy–Daisy, Tenn., for plaintiff.

Carlos C. Smith, Strang, Fletcher, Carriger, Walker, Hodge & Smith, Chattanooga, Tenn., for defendant.

## MEMORANDUM AND ORDER

EDGAR, District Judge.

Plaintiff Sandra Rooks brings claims of race and age discrimination against the Electric Power Board of Chattanooga ("EPB") under the Tennessee Human Rights Act ("THRA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA").

EPB moves to have plaintiff's THRA claim dismissed because it, as a governmental entity, is immune by virtue of the Tennessee Governmental Tort Liability Act, Tenn.Code Ann. § 29–20–101 *et seq.* ("GTLA").

The problem with EPB's argument is that Tenn.Code Ann. § 4–21–102(4) of the THRA specifically provides that under that statute:

> "Employer" includes the state, or any political or civil subdivision thereof ...

The THRA, a comprehensive statutory scheme defining and protecting rights of all individuals in the state (*see* Tenn.Code Ann. § 4–21–101(a)(3)) has recently been amended to state as one of its purposes,

> To provide for execution within Tennessee of the policies embodied in federal Civil Rights Acts of 1964, 1968 and 1972, the Pregnancy Amendment of 1978 and the Age Discrimination in Employment Act of 1967, as amended....

Tenn.Code Ann. § 4–21–101(a). All of these named federal statutes apply to state governmental entities which are employers, such as the EPB. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *Freeman v. Michigan Dept. of State*, 808 F.2d 1174 (6th Cir.1987).

The EPB points to Tenn.Code Ann. § 29–20–201(a) which is the general grant of immunity for governmental entities. EPB also points to Tenn.Code Ann. § 29–20–104(a) which provides that with certain exceptions, not here applicable, "all other acts or statutes in conflict with the provisions of this chapter shall only be applicable to governmental entities exercising their rights not to come under the provisions of this chapter...."

This appears to be a question of first impression. However, it is manifest that the clear above-cited language from the THRA evinces an unmistakable legislative intent to remove whatever immunity the EPB may have had under the GTLA. Moreover, it is unlikely that the discrimination which the plaintiff claims to have suffered is the kind of "injury" specified by Tenn.Code Ann. § 29–20–102, which has

**1164**

been held to encompass torts, but not contracts. *Simpson v. Sumner County*, 669 S.W.2d 657 (Tenn.App.1983). Race and age discrimination, which are actionable only by virtue of statutory fiat, are not really torts qua torts. Therefore, it appears that the Governmental *Tort* Liability Act (emphasis supplied) does not immunize governmental entities from THRA claims in the first instance.

The other grounds cited by EPB in support of its motion to dismiss have now been rendered moot. Plaintiff concedes that she is not entitled to punitive damages under any of her causes of action. Since plaintiff has now acquired her right-to-sue letter from the Equal Employment Opportunity Commission, her Title VII claim is viable and will be considered by the Court. *Jones v. American State Bank*, 857 F.2d 494, 499 (8th Cir.1988); *Gooding v. Warner–Lambert Co.*, 744 F.2d 354, 358 (3d Cir.1984); *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1351 (9th Cir.1984); *see also Jones v. Bechtel*, 788 F.2d 571, 573 (9th Cir.1986).

For the reasons above expressed, the EPB's motion to dismiss is DENIED.

SO ORDERED.