**Millard A. HIEFNER, Plaintiff,**

v.

**UNIVERSITY OF TENNESSEE, et al., Defendants.**

No. 3:95–cv–365.

United States District Court, E.D. Tennessee, Northern Division.

Nov. 20, 1995.

Millard A. Hiefner, Washburn, TN, pro se.

Karen E. Holt, Beauchamp E. Brogan, UT Office of General Counsel, Knoxville, TN, Brian T. Babb, City of Knoxville Law Department, Knoxville, TN, David T. Whitefield, Charles W. Burson, State of TN Office of Attorney General, Nashville, TN, Michael S. Kelley, Bass, Berry & Sims, Knoxville, TN, for defendant.

## MEMORANDUM OPINION

JARVIS, Chief Judge.

This *pro se* action seeks fines and monetary damages for violation of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the Constitution. Additionally, plaintiff alleges some sort of discrimination based on the loss of his employment benefits and workers' compensation.[1] As previously noted by the court in a memorandum opinion [Doc. 23] filed on August 25, 1995, the initial complaint is "rambling, incoherent, and references documents which are not attached to it."[2] [*See id.*, p. 1]. The court treated a response by plaintiff to an earlier motion as a motion to amend the complaint, which the court granted [*see* Doc. 24]. Plaintiff's complaint, as amended, is based upon an alleged assault and battery which occurred on October 18, 1994, while plaintiff was employed by defendant, The University of Tennessee ("UT"). Specifically, plaintiff alleges that his UT supervisor, Fred C. French,[3] attacked him with a knife.[4]

This matter is presently before the court on motion to dismiss filed by UT and all of its employees named as defendants, Charles Moss, John Parker, Gary Spangler and Edward Yovella (the "UT defendants") [*see* Doc. 25]. Plaintiff has timely responded to this motion [*see* Doc. 29]. For the reasons that follow, the motion will be granted, and this case will be dismissed against the UT defendants.

The UT defendants first contend that the Eleventh Amendment to the United States Constitution is an absolute bar to all claims against UT and UT officials in their official capacities. The court agrees. The law is well settled that, in the absence of express state consent or express congressional abrogation by a federal statute, the Eleventh Amendment bars an action in federal court against a state and state officials in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974). It is equally well settled that this Eleventh Amendment immunity applies not only to claims brought under federal law, but also to state law claims brought in federal court under this court's supplemental jurisdiction. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984). Thus, the undersigned has previously held that UT, as an arm and *alter-ego* of the State of Tennessee, is entitled to the State's Eleventh Amendment immunity from suit. *UT v. USF & G*, 670 F.Supp. 1379 (E.D.Tenn.1987); *Carlson v. Highter*, 612 F.Supp. 603 (E.D.Tenn.1985). Other judges in this district have ruled likewise. *See Kersavage v. UT*, 731 F.Supp. 1327 (E.D.Tenn.1989) (Jordan, J.); *Fireman's Fund Ins. Co. v. Bell Helicopter Textron, Inc.*, 667 F.Supp. 583 (E.D.Tenn.1987) (Hull, J.). Furthermore, although not saying so in his complaint, plaintiff's allegations with respect to constitutional violations under the Fourth and Fourteenth Amendments are obviously brought pursuant to 42 U.S.C. § 1983.[5] It is also well established that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312,

---

1. According to the complaint, plaintiff seeks well over $2 million in damages; according to the cover sheet filed with the complaint, plaintiff seeks $10 million in damages.

2. In an apparent response to this observation by the court, plaintiff has subsequently filed numerous documents which he believes relate to this lawsuit. Some of these documents have stickers attached to them with handwritten remarks by plaintiff.

3. Mr. French is not named as a defendant in this case and, in fact, is not even mentioned in the complaint. The court is aware of plaintiff's supervisor's name because he is mentioned in a number of the documents filed with the court as well as in plaintiff's response [Doc. 29] to the pending motion filed by the UT defendants.

4. It is apparently Mr. French's position that he was just "joking" with plaintiff and that he "had no intention to harm or threaten [plaintiff]." [*See* Doc. 29, attachment (Memo dated October 31, 1994, from Ray Hamilton to Dr. Joe Johnson)].

5. Plaintiff cannot bring a constitutional claim based directly on the Fourth or Fourteenth Amendments against these defendants. *See Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989).

105 L.Ed.2d 45 (1989). Therefore, the Eleventh Amendment is a bar not only as to plaintiff's claims against UT, but also as to plaintiff's claims against the UT employees in their official capacities. Because all of the individual UT defendants have been sued in their official capacities, then this case must be dismissed against all of the UT defendants based on the Eleventh Amendment immunity.

UT also contends, and the court agrees, that there is a second basis on which this case must be dismissed. On April 3, 1995, plaintiff filed a worker's compensation claim with the Division of Claims Administration for the State of Tennessee under the provisions of the Tennessee Claims Commission Act, *Tennessee Code Annotated* §§ 9–8–301, *et seq.*, (the "Act"), against the State of Tennessee [*see* Doc. 25, Ex. A]. A review of this claim pending before the Tennessee Claims Commission ("TCC"), is based upon the alleged assault and battery by plaintiff's knife-wielding supervisor, Fred French. This alleged assault and battery is clearly the basis upon which this action against the UT defendants has been filed.

In enacting the Act, the Tennessee General Assembly provided a mechanism by which injured parties could pursue claims against the State of Tennessee for injuries allegedly caused by employees of the State. And, as noted above, because UT is an arm and *alter-ego* of the State of Tennessee, then the Act would be also applicable to UT. It must be emphasized that the TCC has "exclusive jurisdiction to determine all monetary claims" against the State of Tennessee falling within a list of specified categories. *See* T.C.A. § 9–8–307(a)(1) (Supp.1995). Workers' compensation claims, such as that filed by this plaintiff, are specifically included within the TCC's jurisdiction. *See id.* at subsection (K). However, it is critical to note that the General Assembly further provided that the filing of a claim with the TCC constitutes a waiver of all other suits based upon the same underlying cause of action. Specifically, the Act provides:

Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee.

T.C.A. § 9–8–307(b) (Supp.1995). In *White by Swafford v. Gerbitz,* 860 F.2d 661 (6th Cir.1988), *cert. denied,* 489 U.S. 1028, 109 S.Ct. 1160, 103 L.Ed.2d 219 (1989), the Sixth Circuit construed the waiver provision of the Act and held as follows:

We find the applicable Tennessee statute dictates that, where the plaintiff elects to sue the state before the Tennessee Claims Commission, he waives any cognate federal cause of action. Accordingly, we find the district court erred in not dismissing the plaintiff's cause of action.

*Id.* at 662. Here, plaintiff has filed a claim with the TCC arising out of the assault and battery which is at the heart of the instant lawsuit. Thus, plaintiff's claims against the UT defendants in this court must be dismissed.

Order accordingly.

### ORDER

For the reasons set forth in the Memorandum Opinion this day passed to the Clerk for filing, it is hereby ORDERED that the motion to dismiss [Doc. 25] filed by defendants University of Tennessee, Charles Moss, John Parker, Gary Spangler, and Edward Yovella be, and the same hereby is, GRANTED whereby this case is DISMISSED against them.