**Vijaykumar R. BOINAPALLY, Plaintiff–Appellant,**

v.

**UNIVERSITY OF TENNESSEE, et al., Defendants–Appellees.**

Nos. 00–6767, 01–5142.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

### ORDER

In Case No. 00–6767, Vijaykumar R. Boinapally appeals a district court order and judgment for the defendants in his amended employment discrimination action brought under 42 U.S.C. §§ 1981–1983, 1985; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.;* the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.;* the Tennessee Human Rights Act (THRA), Tenn.Code Ann. §§ 4–21–101 *et seq.;* and state tort law. In Case No. 01–5142, Boinapally appeals the district court's order granting a preliminary injunction against, *inter alia,* his entering the property of the University of Tennessee Memphis (UT), using the campus mail system, and accessing UT's electronic mail system. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his amended complaint, Boinapally, a former resident in UT College of Medicine's Anesthesiology Department, sued UT, the College of Medicine, the Chancellor of UT (Rice), the Dean of the College of Medicine (Herrod), the Assistant Dean for Graduate Medical Education (Watson), the Chairman and Program Director of the Department of Anesthesiology (Zanella), the Director of Education of the Department of Anesthesiology (Blalack), the Chairman of the Clinical Competence Committee (CCC) of the Department of Anesthesiology (Mattingly), and the Chief of Anesthesiology at the Veterans' Administration Hospital (Kroll). He sued the individual defendants in their individual and official capacities, seeking $81 million in damages and injunctive relief. Boinapally, who is a native of India, alleged that the defendants harassed and discriminated against him because of his national origin, and wrongfully terminated his residency on October 26, 1998, in violation of the Due Process and Equal Protection Clauses of the Constitution, Title VII, the THRA, and the Rehabilitation Act. In addition, he alleged that the defendants impermissibly interfered with his contract of employment in violation of § 1981 and conspired together to violate his civil rights under

§ 1985. Boinapally further asserted state tort claims for intentional and negligent infliction of emotional distress, tortious interference with contract, libel, fraud, and wrongful termination.

In a series of orders, the district court dismissed most of Boinapally's claims. In the order entered on June 22, 2000, the district court identified the three claims remaining: (1) Title VII claim against UT based upon national origin; (2) § 1983 equal protection claim against UT; and (3) § 1985 conspiracy claim against the individual UT defendants. The defendants filed a motion for summary judgment as to those claims, to which Boinapally responded. The district court granted the defendants' motion for summary judgment in an order entered on October 25, 2000. The final judgment was entered on November 8, 2000. Boinapally's appeal of that judgment was docketed in this court as Case No. 00–6767.

During the pendency of this action, the UT defendants were granted a temporary restraining order (TRO) against Boinapally. When Boinapally violated the TRO, the defendants moved for a preliminary injunction. Following a hearing, the district court granted the motion for a preliminary injunction in an order entered on December 28, 2000, nunc pro tunc to August 10, 2000. This order expanded the scope of the TRO and prohibited Boinapally from, *inter alia,* entering onto any physical properties of UT, filing any further documents with the court absent prior approval (except in response to any pending motions), using UT's campus mail and e-mail systems, and communicating with UT officials. Boinapally's appeal from this order was docketed in this court as Case No. 01–5142 and the cases have been consolidated for decision.

On appeal, Boinapally argues that the district court erred in ruling that, as a matter of law, the alleged incidents of harassment against him were insufficient to allow his hostile work environment claims against UT and the College of Medicine under Title VII, § 1981, and the THRA to be submitted to a jury. Upon review, we affirm the district court's judgment and order.

This court reviews a grant of summary judgment *de novo. Thompson v. Ashe,* 250 F.3d 399, 405 (6th Cir.2001). Summary judgment is proper only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Thompson,* 250 F.3d at 405. In considering the motion, the court must consider the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, in the light most favorable to the nonmoving party. *Thompson,* 250 F.3d at 405. "However, the party opposing the motion may not rely solely on the pleadings and must adduce more than a mere scintilla of evidence; if the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." *Id.*

Boinapally does not raise, on appeal, his issues arising under §§ 1983 and 1985, the Rehabilitation Act, and state tort law. Nor does he challenge the district court's summary judgment for the defendants as to his wrongful termination claims under Title VII and the THRA. Therefore, those claims are considered to be abandoned and are not reviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). In any event, those claims were properly dismissed for the reasons stated by the district court.

■ The district court properly dismissed Boinapally's claim brought under

§ 1981. That section prohibits racial discrimination during the scope of a private contractual relationship, including discrimination in the workplace. However, § 1981 does *not* cover discrimination based solely on "'the place or nation of [a plaintiff's] origin.'" *Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 931 (6th Cir.1987) (quoting *Saint Francis College v. Al–Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987)); *see also Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001). Since Boinapally expressly abandoned any claim of discrimination on account of race, § 1981 is inapplicable to this case.

█ The district court also properly dismissed Boinapally's THRA claims against UT. The University of Tennessee, as an arm of the State of Tennessee, is immune to suit in federal court under the doctrine of sovereign immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir.1993); *Hiefner v. Univ. of Tenn.*, 914 F.Supp. 1513, 1515 (E.D.Tenn.1995) (citing *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)).

█ Finally, the district court did not err in granting summary judgment to UT as to Boinapally's hostile work environment claim based on his national origin. Boinapally appeals the district court's determination that, as a matter of law, the harassing comments and actions by UT employees that related to his national origin were insufficient to establish a hostile work environment. "In order to establish a ... hostile work environment under Title VII, the plaintiff must show that the conduct in question was severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive and that the victim subjectively regarded it as abusive." *Smith v. Leggett Wire Co.*, 220 F.3d 752, 760 (6th Cir.2000); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). The court must look to the totality of the circumstances to determine whether there was a hostile or abusive workplace environment. *Newman v. Fed. Express Corp.*, 266 F.3d 401, 405 (6th Cir.2001). Thus, "[w]hile a continuing use of racial or ethnic slurs would violate Title VII, occasional or sporadic instances of such conduct does not." *Torres v. County of Oakland*, 758 F.2d 147, 152 (6th Cir.1985).

We have reviewed the voluminous record in this case and agree with the district court that no reasonable jury could find that the incidents complained of meet the objective component of a hostile work environment claim.

In Case No. 01–5142, Boinapally does not raise in his brief on appeal any issue relating to the district court's order granting the defendants' motion for a preliminary injunction against him. Thus, that appeal is considered to be abandoned and is not reviewable. *See Enertech Elec., Inc.*, 85 F.3d at 259. In any event, the district court did not abuse its discretion in granting the preliminary injunction. *See Washington v. Reno*, 35 F.3d 1093, 1098 (6th Cir.1994).

Accordingly, the district court's judgment, entered on November 8, 2000, and its order granting a preliminary injunction, entered on December 28, 2000, are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.