**Charles HENDERSON, Plaintiff,**

v.

**SOUTHWEST TENNESSEE COMMUNITY COLLEGE, Defendant.**

**No. 03–2162 D.**

United States District Court, W.D. Tennessee, Western Division.

Sept. 15, 2003.

Kathleen L. Caldwell, Law Office of Kathleen L. Caldwell, Memphis, TN, for Charles Henderson.

Kae Carpenter Todd, Attorney General's Office, Nashville, TN, for Southwest Tennessee Community College dba State Technical Institute of Memphis.

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISS- AL OF PLAINTIFF'S COMPLAINT

DONALD, District Judge.

Before the Court is the motion of Defendant Southwest Tennessee Community College ("STCC") to dismiss in part Plaintiff Charles Henderson's complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). Defendant asserts that, due to the Eleventh Amendment, the Court lacks subject matter jurisdiction over Plaintiff's claims.

Plaintiff claims violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.;* the Tennessee Human Rights Act ("THRA"), Tenn.Code Ann. § 4–21–401, *et seq.;* and 42 U.S.C. § 1981. On May 29, 2003, Defendant filed the instant motion to dismiss in part Plaintiff's complaint. On July 24, 2003, the Court issued an order to show cause requiring Plaintiff to file a response to Defendant's complaint within fifteen days from the date of the order. Plaintiff has not formally responded to the Court's show cause order to date. The Court therefore will decide the merits of Defendant's motion to dismiss based on the existing record. For the following reasons, the Court grants Defendant's motion for partial dismissal.

## I. Background Facts

Plaintiff is a black male who is a resident of Shelby County, Tennessee and is employed by Defendant. He asserts

against Defendant claims of race discrimination and retaliation in employment. Defendant is a post-secondary educational institution that was formed by the merger of State Technical Institute at Memphis ("State Tech") and Shelby State Community College on July 1, 2000.

Plaintiff began his employment with Defendant in October 1991 as a Case Manager in State Tech's Development Center, Office of Job Training. On July 1, 1993, Plaintiff was promoted to the position of Executive Assistant to the President of State Tech, and he received a salary adjustment with the promotion. Plaintiff continued in this job position until June 15, 2001, at which time he was appointed to the position of Temporary Interim Director of DACUM/WorkKeys. On July 1, 2002, his title was changed to Director of DACUM/WorkKeys, and his salary was reduced by 10%.

After receiving a Right to Sue Notice from the Equal Employment Opportunity Commission, Plaintiff filed a complaint alleging race discrimination and retaliation in employment. Defendant filed an answer and then submitted this motion to dismiss based on FRCP 12(b)(1). Defendant argues that this Court does not have subject matter jurisdiction over Plaintiff's 42 U.S.C. § 1981 claim because of STCC's Eleventh Amendment immunity as a government entity. Defendant similarly argues that this Court does not have subject matter jurisdiction over Plaintiff's THRA claim because of STCC's sovereign immunity. Defendant did not address Plaintiff's Title VII claim in this motion. Plaintiff did not respond to Defendant's motion within the thirty days required by Local Rule 11(a)(2). Therefore, on July 25, 2003, this Court issued an order to show cause why Defendant's motion to dismiss should not be granted and gave Plaintiff fifteen days to file a response. To date, Plaintiff has failed to respond.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Courts must construe the allegations of a complaint in the light most favorable to the plaintiff when ruling on a 12(b)(1) motion to dismiss. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90, (1974); *Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404, 408 (6th Cir.1997). The plaintiff has the burden of proving that the court has subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). If it is determined that the court lacks subject matter jurisdiction, "the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

## III. Analysis

### A. Section 1981 Claim

The Eleventh Amendment to the United States Constitution[1] bars suits by private individuals against nonconsenting states in federal court, unless Congress has validly abrogated the state's immunity, or the state has waived its immunity. *See Nevada Dept. of Human Res. v. Hibbs*, 538 U.S. 721, 123 S.Ct. 1972, 1976, 155 L.Ed.2d 953 (2003); *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). Eleventh Amendment immunity applies to both the state itself and state agencies.

---

**1.** The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI.

■ Defendant is an agency of the State of Tennessee. Although no decisions have explicitly addressed the Eleventh Amendment status of STCC in particular, it being a relatively recent state creation, at least one Sixth Circuit decision held State Tech, STCC's predecessor institution, to be a state agency for Eleventh Amendment purposes. *See Dotson v. State Technical Inst. of Memphis, Tennessee,* 1997 WL 777947, at *1 (6th Cir. Dec.12, 1997) ("[State Technical Institute of Memphis] and the [Tennessee] Board of Regents are immune from § 1983 suits in federal court under the Eleventh Amendment because they are state agencies and the state has not waived its immunity."). Furthermore, several decisions have held other members of Tennessee's university system to be "arms" or "alter-egos" of the State and thus entitled to the State's Eleventh Amendment immunity. *See, e.g., Hiefner v. University of Tennessee,* 914 F.Supp. 1513, 1515 (E.D.Tenn.1995); *Applewhite v. Memphis State Univ.,* 495 S.W.2d 190, 196 (Tenn.1973). Therefore, Plaintiff's § 1981 claim is barred unless Congress has validly abrogated the State's immunity, or the State has waived its immunity.[2]

■ First, Congress did not validly abrogate states' immunity when it enacted § 1981. For Congress to abrogate immunity, the statute at issue must be enacted under Section Five of the Fourteenth Amendment, and there must be present in the statute an explicit Congressional intent to include states as defendants. *See Hibbs,* 123 S.Ct. at 1976; *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). The Sixth Circuit, as well as several other Circuit Courts, have held such an intent to be lacking in § 1981. *See Foulks v. Ohio Dept. of Rehab. and Corr.,* 713 F.2d 1229,

1232–33 (6th Cir.1983) (holding that there was no evidence of a clear congressional purpose to use the power to abrogate Eleventh Amendment immunity in § 1981 and so setting aside damages award under § 1981 against state agency); *see also Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1069 (5th Cir.1981) ("Unlike Title VII, Section 1981 contains no congressional waiver of the state's eleventh amendment immunity."); *Rucker v. Higher Educ. Aids Bd.,* 669 F.2d 1179, 1184 (7th Cir.1982) (same).

■ Second, the State of Tennessee did not waive its Eleventh Amendment immunity to suits under § 1981. Potential state waivers of immunity are to be strictly construed against waiver, and a court "will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 53 L.Ed. 742 (1909)). No Tennessee statute waives state immunity for suits under § 1981. To the contrary, the State specifically reserves its sovereign immunity with regard to most claims against the University of Tennessee. *See* Tenn.Code Ann. § 20–13–102(b) (2003) ("No statutory or other provision authorizing the University of Tennessee and its board of trustees to sue and be sued shall constitute a waiver of sovereign immunity.").

Therefore, Plaintiff's § 1981 claim is barred by the Eleventh Amendment and must be dismissed.

## B. Tennessee Human Rights Act Claim

■ The Eleventh Amendment provides a jurisdictional bar to suits by pri-

---

**2.** Significantly, the exception of *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), does not apply here because

Plaintiff chose to sue a state agency directly, rather than suing any state officials.

vate individuals of nonconsenting states in federal court on state law claims, as well as on federal law claims. Federal court supplemental jurisdiction over state law claims does not override the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Unless the State of Tennessee has waived its immunity to suits in federal court for violations of the THRA, this claim is barred as well.

Under Article I, Section 17 of the Tennessee Constitution, the State has sovereign immunity from claims against it unless the State Legislature expressly waives that immunity. *See Woolsey v. Hunt*, 932 F.2d 555, 564 (6th Cir.1991), *cert. denied*, 502 U.S. 867, 112 S.Ct. 195, 116 L.Ed.2d 155 (1991). A state may waive its immunity in its own courts, while preserving immunity in the federal courts. *See Pennhurst*, 465 U.S. at 99 n. 9, 104 S.Ct. 900 ("[T]he Court consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts."); *Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir.1985) (same). Although the Legislature has waived its immunity for THRA suits in state courts, it has not done so for suits in federal courts. *See Boyd v. Tennessee State Univ.*, 848 F.Supp. 111, 114 (M.D.Tenn.1994) (noting that THRA provides three avenues for pursuing a claim against an employer, none of which includes suit in the federal district courts, and stating that "[t]here is no express consent by Tennessee, neither within the THRA nor elsewhere, to suit in federal court for claims under the THRA"); *see also Fitten v. Chattanooga–Hamilton County Hosp.*, No. 1:01–CV–152, 2002 WL 32059748, at *4 (E.D.Tenn. Oct.21, 2002) (same). Without this waiver, Plaintiff's THRA claim is also barred by sovereign immunity and must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's § 1981 and THRA claims.