Frederick M. **CARLSON**, Plaintiff,

v.

**William H. HIGHTER and University of Tennessee, Defendants.**

No. Civ. 3–85–68.

United States District Court,
E.D. Tennessee, N.D.

May 21, 1985.

Michael C. Crowe, Canton, N.Y., Jerrold L. Becker, Knoxville, Tenn., for plaintiff.

Beauchamp E. Brogan, Alan M. Parker and Catherine S. Mizell, Knoxville, Tenn., for defendants.

## MEMORANDUM AND ORDER

JARVIS, District Judge.

This is a cause of action for breach of contract and breach of fiduciary duty by defendant William H. Highter, an employee of the defendant University of Tennessee, and for tortious interference with contractual relations by defendant University of Tennessee. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. The case is before the Court on the University of Tennessee's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.

The complaint alleges that plaintiff and defendant Highter while employed by Clarkson College entered into a joint venture to submit a joint proposal to the United States Air Force as co-principal investigators for a research grant. The complaint alleges that the grant was awarded to plaintiff and defendant Highter in July 1980, and that both performed and were compensated as co-principal investigators from July 1980 through December 1981. The complaint further alleges that on or about March 16, 1982, defendant Highter, then employed by the University of Tennessee, withdrew the previously submitted joint proposal without plaintiff's knowledge or consent and submitted a new proposal for the same research grant, which grant was awarded to the University of Tennessee, and defendant Highter was named as sole principal investigator. The complaint alleges that the University of Tennessee wrongfully, maliciously and intentionally induced defendant Highter to commit the acts allegedly constituting a breach of Highter's contractual relationship with plaintiff.

The University of Tennessee moves to dismiss the Complaint on the grounds that the suit is barred by the doctrine of sovereign immunity. University of Tennessee says that it is an agency of the State of Tennessee, and as such is immune from suit except to the extent that it has consented to suit. University of Tennessee says that it has consented to suit only in the circuit and chancery courts of Davidson County, Tennessee. Finally, the University of Tennessee says that plaintiff's claim sounds in tort and is barred by the one-year tort statute of limitations.

 The University of Tennessee is an agency of the state and therefore is immune from suit except to the extent it has

consented to be sued. *University of Tennessee v. Peoples Bank,* 157 Tenn. 87, 6 S.W.2d 328 (1928). The State of Tennessee has waived sovereign immunity only to the extent provided in statutes creating an administrative remedy in the State Board of Claims and in *Tennessee Code Annotated* § 29–10–101 authorizing contract actions against the state in the circuit and chancery courts of Davidson County, Tennessee. Further, plaintiff's cause of action which accrued in March 1982 is barred by the one-year tort statute of limitations. *Tenn.Code Ann.* § 28–3–104.

For the foregoing reasons, it is hereby ORDERED that defendant University of Tennessee's Motion to Dismiss the claim be and the same hereby is GRANTED.