**FIREMAN'S FUND INSURANCE COMPANY**

v.

**BELL HELICOPTER TEXTRON, INC.**

v.

**ROBERT M. SIMS CO., Associated Aviation Underwriters, University of Tennessee and University of Tennessee Medical Center.**

**Civ. No. 3–86–780.**

United States District Court, E.D. Tennessee, N.D.

June 17, 1987.

---

Foster D. Arnett and Michael Fitzpatric of Arnett, Draper and Hagood, Knoxville, Tenn., for Fireman's Fund and Associated Underwriters.

Johnathan H. Burnett and Ted White, Knoxville, Tenn., for Bell Helicopter Textron of Hodges Doughty & Carson.

Donelson M. Leake, Knoxville, Tenn., for University of Tennessee.

R. Franklin Norton and Gary Spangler, of Norton & Luhn, Knoxville, Tenn., for Robert Sims Co.

## ORDER

HULL, Chief Judge.

This is an indemnity action in which Fireman's Fund Insurance Company [Fireman's] seeks to recover the $975,000 it paid to Bell Helicopter Textron, Inc. [Bell] and the University of Tennessee [University] under a contract of insurance when a Bell helicopter that had been leased to the University's Medical Center crashed and burned. Bell has filed a third-party complaint against the University and others alleging, *inter alia*, that the crash was caused by negligence on the part of the University's pilot and that the University breached its agreement to obtain certain insurance coverage. This action is now before the Court on the University's unopposed motion to be dismissed for lack of subject matter jurisdiction, Rule 12(b)(1), Federal Rules of Civil Procedure [Doc. 10].

In support of its motion, the University contends that this action is barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity ... against one state by citizens of another state, or by citizens or subjects of any foreign state.

It is well established that a state cannot be sued in federal court by her own citizens or citizens of another state in the absence of unequivocally expressed consent. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 907–908, 79 L.Ed.2d 67 (1984). The University has been held to be an agency of the State of Tennessee and therefore immune from suit except to the extent that it has consented to be sued. *Carlson v. Highter*, 612 F.Supp. 603, 604–605 (D.Tenn.1985). The third-party plaintiff has also admitted in its complaint that the University of Tennessee Medical Center is a state entity [Doc. 5, p. 10], and it too is clothed with sovereign immunity. *See Greenhill v. Carpenter*, 718 S.W.2d 268, 271 (Tenn.App.1986).

Therefore, the question before the Court is whether or not the State of Tennessee has waived its immunity from suit in federal court. Art. 1, § 17 of the Tennessee Constitution provides, in part, that "suits may be brought against the State in such manner and in such courts as the legislature may by law direct." The legislature had directed that suits might be brought against the State to the extent provided in Tenn.Code Ann. §§ 9–8–101, –207, and 29–10–101. *See Carlson v. Highter*, 612 F.Supp. at 605. Under these statutory provisions, the state waived sovereign immunity for contract actions brought in state circuit and chancery courts of Davidson County and for tort actions brought before the State Board of Claims. While the Tennessee General Assembly, during its 1984 session, repealed these statutes and created the Tennessee Claims Commission with exclusive jurisdiction to hear all tort and contract claims against the state, *see* Tenn.Code Ann. § 9–8–301 *et seq.*, this new legislation governs only actions arising after January 1, 1985. Because the accident which gave rise to this lawsuit occurred in September of 1984, it would appear that jurisdiction for the plaintiff's claim, insofar as it is predicated on breach of an express contract, lies in the circuit and chancery courts of Davidson County and plaintiff's tort claims should be brought before the Board of Claims.

Accordingly, the University's motion to dismiss is hereby GRANTED.