**Dragan STEFANOVIC, Plaintiff,**

**v.**

**UNIVERSITY OF TENNESSEE, University of Tennessee Board of Trustees, University of Tennessee Center for International Education, University of Tennessee Affirmative Action Office, William T. Snyder, Philip A. Schuerer, James N. Gehlhar, Joseph W. Flory, Lola R. Dodge, and Camille Hazeur, Defendants.**

No. 3:95–cv–231.

United States District Court, E.D. Tennessee.

April 8, 1996.

David R. Duggan, Maryville, TN, for Plaintiff.

Catherine S. Mizelle, Ronald C. Leadbetter, Office of General Counsel, University of Tennessee, Knoxville, TN, for Defendants.

## MEMORANDUM OPINION

JARVIS, Chief Judge.

In his original complaint for employment discrimination, plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, ("Title VII"), the Vietnam Era Veterans Readjustment Assistance Act ("VEVRA"),[1] Executive Order 11246, the Fourteenth Amendment to the United States Constitution, and the Tennessee Human Rights Act, Tennessee Code Annotated §§ 4–21–101, *et seq.*, ("THRA"). In his amended complaint [Doc. 20], plaintiff has added a *Bivens* cause of action[2] against all defendants. Defendants are the University of Tennessee ("UT"), the Trustees of UT, parts of UT, and UT officials who have been sued both in their official and individual capacities.

This matter is presently before the court on defendants' motion to dismiss [Doc. 12] in which defendants seek the dismissal of all claims except the Title VII claims for back pay and compensatory damages against UT. The issues raised have been thoroughly briefed by the parties [*see* Docs. 13 and 18].

---

1. As will be discussed in somewhat more detail *infra*, plaintiff broadly asserts a claim under 38 U.S.C. §§ 101, *et seq.*; however, the only apparent statutory basis for his claim of employment discrimination is 38 U.S.C. § 4212, which requires federal contractors to take affirmative action to employ disabled veterans and veterans of the Vietnam era.

2. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

For the reasons that follow, defendants' motion will be granted in part and denied in part.

### Plaintiff's Allegations

Defendants' motion to dismiss is based both on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, and on failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. With respect to a facial attack on the subject matter jurisdiction alleged by the complaint and with respect to a motion pursuant to Rule 12(b)(6), the court takes the allegations in the complaint as true. *See Ohio National Life Insurance Company v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).[3]

On July 2, 1993, plaintiff applied for the position of Coordinator of International Programming for the UT Center for International Education [*see* Doc. 20, ¶ 20a]. On July 26, 1993, plaintiff learned that he had not been selected as a finalist to be interviewed for that position [*see id.*, ¶ 201]. Sometime prior to December 16, 1993, plaintiff became aware of the identity of the person whom UT had hired [*see id.*, ¶¶ 20m and 35]. Therefore, on December 16, 1993, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") naming only the University of Tennessee Center for International Education as a respondent [*see* Doc. 1, attachment]. Plaintiff then filed this action on May 1, 1995, claiming that UT denied him employment because of his sex (male), his national origin (Eastern European), and his status as a military veteran [*see* Doc. 20, ¶ 32]. Plaintiff seeks back pay, compensatory and punitive damages, attorney fees, and costs against UT and its officials in both their official and individual capacities.

3. The court need not treat this motion as one for summary judgment because neither party has submitted additional materials "outside the pleadings." *See* Rule 12(b), Federal Rules of Civil Procedure. *See also Ohio National Life Insurance Company v. United States*, 922 F.2d at 325.

### Eleventh Amendment Immunity

■ The defendants first contend that the Eleventh Amendment is an absolute bar to all claims against UT, its various parts, its trustees, and its officials in their official capacities, with one exception—plaintiff's Title VII claims.[4] The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity ... against one state by citizens of another state, or by citizens or subjects of any foreign state.

Thus, in the absence of express state consent or express congressional abrogation by a federal statute like Title VII, the Eleventh Amendment bars an action in federal court against a state and state officials in their official capacities. *See Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974). This Eleventh Amendment immunity has also been extended to state law claims brought into federal court under pendent (now supplemental) jurisdiction.[5] *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984).

■ The undersigned has repeatedly held that UT is an arm and *alter ego* of the State of Tennessee and is therefore entitled to the State's Eleventh Amendment immunity from suit. *Carlson v. Highter*, 612 F.Supp. 603 (E.D.Tenn.1985); *cf. University of Tennessee v. U.S. Fidelity & Guaranty Company*, 670 F.Supp. 1379 (E.D.Tenn.1987) (UT was arm or *alter ego* of State, and thus was not citizen for federal diversity purposes.). Other judges in this district have ruled likewise. *See Kersavage v. UT*, 731 F.Supp. 1327 (E.D.Tenn.1989) (Judge Jordan); *Fireman's Fund Insurance Company v. Bell Helicopter Textron, Inc.*, 667 F.Supp. 583 (E.D.Tenn. 1987) (Judge Hull). Furthermore, it is well established that a cause of action against an individual in his official capacity represents

4. Defendants do not contend, of course, that the Eleventh Amendment is a bar to plaintiff's claims against UT officials in their individual capacities.

5. *See* 28 U.S.C. § 1367 ("Supplemental jurisdiction").

an action against the entity of which that officer is an agent; thus, plaintiff's causes of action against these UT officials in their official capacities assert impermissible actions against the State. *See, e.g., Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Association,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132, *reh'g denied,* 451 U.S. 933, 101 S.Ct. 2008, 68 L.Ed.2d 319 (1981). With respect to UT's Eleventh Amendment immunity (which is also extended to UT's officials acting in their official capacities), plaintiff raises several arguments regarding his cause of action under the Fourteenth Amendment, the VEVRA, Executive Order 11246, and the THRA. In the court's opinion, these arguments are without merit.

■ First, with respect to his cause of action pursuant to the Fourteenth Amendment, plaintiff does not directly address defendants' argument that this action is barred by the Eleventh Amendment. Rather, plaintiff reminds the court "that the individual Defendants have also been sued in their individual capacities, and of course there is no bar in the Eleventh Amendment to suits against these individual Defendants in their individual capacities." [*See* Doc. 18, p. 2]. And, of course, plaintiff really cannot address directly defendants' argument on this issue because there is no authority to support any such position. Thus, plaintiff's cause of action under the Fourteenth Amendment will be dismissed, based on Eleventh Amendment immunity, against all defendants except for the individual defendants sued in their individual capacities.

■ Second, with respect to his causes of action pursuant to VEVRA and Executive Order 11246, plaintiff contends that UT and the individual defendants acting in their official capacities "have waived their claimed immunity under the Eleventh Amendment ... by adoption of the University's affirmative action policy ..." [*see id.*]. However, plaintiff points to no specific language in UT's Affirmative Action Plan (the "Plan") which would constitute a waiver of the Eleventh Amendment immunity by either UT or its officials acting in their official capacities. In fact, the court has perused this Plan [*see* Doc. 18, Ex. A] and can find no language which would even arguably constitute an Eleventh Amendment waiver. Thus, the court finds that plaintiff's action under the VEVRA and Executive Order 11246 must be dismissed against all defendants for this reason alone.[6]

■ Third, with respect to his cause of action under THRA, plaintiff urges that this court not follow *Boyd v. Tennessee State University,* 848 F.Supp. 111, 114 (M.D.Tenn. 1994), in which Judge Wiseman held that, "[t]here is no express consent by Tennessee, neither within the THRA nor elsewhere, to a suit in federal court for claims under the THRA." Although the Sixth Circuit has not yet ruled on this precise issue, this court, nevertheless, agrees completely with Judge Wiseman's analysis of this issue. Therefore, plaintiff's claims under the THRA will be dismissed against all defendants.

Accordingly, except for the Title VII claims, and plaintiff's claims against the individual defendants in their individual capacities under the Fourteenth Amendment, the Eleventh Amendment is an absolute bar to all of plaintiff's remaining claims against UT, its various parts, its trustees, and its officials in their official capacities.

### No Private Right of Action Under the Fourteenth Amendment, the VEVRA, or Executive Order 11246

■ Defendants next contend that plaintiff has no right of action directly under the Fourteenth Amendment against any of these defendants. However, in view of the fact that this court has already granted plaintiff permission to amend his complaint to state a *Bivens* cause of action against the individual defendants acting in their individual capacities [*see* Doc. 14, p. 3 (marginal entry)], the court must deny this prong of defendants' motion at this time. On the other hand, the court agrees completely with the defendants that plaintiff has no private cause of action

---

**6.** Plaintiff's causes of action under the VEVRA and Executive Order 11246 must also be dismissed for reasons to be discussed *infra.*

under either the VEVRA or Executive Order 11246.

As previously noted, plaintiff brings a cause of action against all of the defendants under the VEVRA. Although plaintiff asserts a general claim under "38 U.S.C. Sections 101, *et seq.,*" [*see* Doc. 20, p. 1], the only arguable statutory basis for his claim of employment discrimination is 38 U.S.C. § 4212. This statute requires federal contractors to take affirmative action to employ disabled veterans and veterans of the Vietnam era.[7] The Sixth Circuit has, however, clearly held that the VEVRA does not create a private right of action for veterans alleging employment discrimination. *Harris v. Adams,* 873 F.2d 929, 932 (6th Cir.1989). Moreover, the Sixth Circuit's holding in *Harris* reflects the unanimous holding of other courts which have considered this same question. *See Barron v. Nightingale Roofing, Inc.,* 842 F.2d 20, 21–22 (1st Cir.1988); *Philippeaux v. North Central Bronx Hospital,* 871 F.Supp. 640, 647–48 (S.D.N.Y.1994); *Brace v. Ohio State University,* 866 F.Supp. 1069, 1073 (S.D.Ohio 1994); *Wilson v. Amtrak National Railroad Corporation,* 824 F.Supp. 55, 58 (D.Md.1992); *Butler v. McDonnell–Douglas Saudi Arabia Corporation,* 93 F.R.D. 384, 387–88 (S.D.Ohio 1981). Thus, plaintiff's cause of action against all defendants under the VEVRA will be dismissed.

Likewise, Executive Order 11246 does not create a private right of action for persons alleging employment discrimination. *Utley v. Varian Associates, Inc.,* 811 F.2d 1279, 1288 (9th Cir.), *cert. denied,* 484 U.S. 824, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987); *Cohen v. Illinois Institute of Technology,* 524 F.2d 818, 822 (7th Cir.1975), *cert. denied,* 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187 (1976); *Weise v. Syracuse University,* 522 F.2d 397, 411 (2d Cir.1975). The court will therefore dismiss plaintiff's claims under Executive Order 11246 against all defendants.

In ruling as it has with respect to plaintiff's claims under the VEVRA and Executive Order 11246, the court notes it has carefully reviewed the case relied on by plaintiffs *Board of Governors of University of North Carolina v. Department of Labor,* 722 F.Supp. 1301 (E.D.N.C.1989), in support of his position that, "[s]tate educational institutions are subject to VEVRA and Executive Order 11246." [*See* Doc. 18, p. 6]. While plaintiff's interpretation of that case for that proposition may be correct, the court observes that there is no language in the district court's memorandum opinion which holds that a private cause of action is created by the VEVRA or by Executive Order 11246. In fact, plaintiff almost acknowledges as much in his brief:

> Perhaps more importantly, this Plaintiff would note that he is not seeking any damages independently under VEVRA and Executive Order 11246, but rather he references this federal law in his complaint for the purpose of establishing that not only is it a violation of the University's own policy to discriminate against Vietnam era veterans, but it is also a violation of federal law to so discriminate. The damages the Plaintiff is seeking are under Title VII and state statutory law, as (sic) said state statutory law will be more fully addressed herein.

[*See id.,* p. 5]. Said otherwise, plaintiff acknowledges that he has no cause of action under either the VEVRA or Executive Order 11246.

### Statute of Limitations Defense

The defendants next contend that, even if plaintiff had a private right of action under the Fourteenth Amendment, VEVRA, or Executive Order 11246, it would be barred by the applicable one-year statute of limitations.[8] However, in view of the fact that this

---

7. In 1994, Congress enacted the "Uniform Services Employment and Reemployment Rights Act of 1994," which prohibits employment discrimination on the basis of military service, 38 U.S.C. § 4311 (Supp.1995), and provides a private right of action for enforcement of rights under the Act, 38 U.S.C. § 4323 (Supp.1995). However, this Act did not become effective until October 13, 1994; therefore, it is not applicable to the operative facts of this case which occurred in the summer of 1993.

8. Plaintiff does not dispute the fact that the Tennessee one-year statute of limitations, presumably T.C.A. § 28–3–104(a)(3) (Supp.1994), is applicable to the facts of this case [*see* Doc. 18, p. 17].

court has just held that plaintiff does not have a private right of action under either the VEVRA or Executive Order 11246, then it will not be necessary to address defendants' argument in the context of those purported causes of action. Additionally, in view of the fact that plaintiff has been allowed to state a *Bivens* cause of action of action under the Fourteenth Amendment against the individual defendants in their individual capacities after the pending motion to dismiss was filed, the court will not address defendants' statute of limitations claim at this juncture. The court notes for the record that the defendants did not object or respond to plaintiff's motion to amend his complaint nor did they file a supplemental motion to dismiss after plaintiff was granted leave to amend his complaint in that regard. If defendants wish the court to reconsider their motion to dismiss on the statute of limitations in light of plaintiff's amended complaint, then they should file an appropriate motion in the future.

■ Finally, with respect to plaintiff's cause of action under the THRA, defendants contend that this claim is barred by the one-year limitations period set forth in T.C.A. § 4–21–311 (Supp.1994). The court agrees. Plaintiff's cause of action accrued no later than December 16, 1993, the date he filed an EEOC charge of discrimination; however, plaintiff did not file this action until May 1, 1995, at least four and a half months after expiration of the one-year limitations period. Therefore, plaintiff's claims against all defendants pursuant to the THRA must be dismissed for this additional reason.

### Dismissal of the Board of Trustees, the Center for International Education, and the Affirmative Action Office

■ Defendants next contend that the only necessary and proper defendant in this Title VII action is UT. However, again in view of the fact that the court has granted plaintiff leave to amend his complaint to state a *Bivens* cause of action against the individual defendants in their individual capacities, the court will reserve ruling on that aspect of defendants' motion until such time as defendants file a supplemental motion to dismiss.

However, plaintiff does not vigorously dispute the fact that the Board of Trustees, the Center for International Education, and the Affirmative Action Office are not separate entities from UT; thus, "plaintiff has no objection to the dismissal of those three entities." [*See* Doc. 18, p. 27]. The court therefore finds that these three entities are simply parts of UT and that plaintiff will not be prejudiced by their dismissal because UT will still be a defendant in this action. Accordingly, those three defendants will be dismissed from this action.

### Punitive Damages

Finally, defendants contend that plaintiff's prayer for punitive damages against all defendants must be dismissed. The court agrees with the defendants that, under the express provision of 42 U.S.C. § 1981a(b)(1), punitive damages may not be awarded against a "government" or a "government agency." It therefore follows that punitive damages may not be awarded against UT or its officials in their official capacities. However, as previously noted, because the amended complaint states a *Bivens* cause of action against the individual defendants in their individual capacities, then it is possible, from a theoretical standpoint, that punitive damages could be awarded against the individual defendants in their individual capacities. A review of the allegations of the amended complaint does not give the court much reason to find that this is an appropriate case for an award of punitive damages; nevertheless, the court is also of the opinion that it is somewhat premature to dismiss the punitive damages claims against the individual defendants in their individual capacities at this juncture. Therefore, defendants' motion will be denied without prejudice with respect to that prong.

Order accordingly.

### ORDER

For the reasons set forth in the Memorandum Opinion this day passed to the Clerk for filing, it is hereby ORDERED that defendants' motion to dismiss [Doc. 12] be, and the same hereby is, GRANTED IN PART and DENIED IN PART whereby:

(1) Plaintiff's cause of action pursuant to the Vietnam Era Veterans Readjustment

Assistance Act ("VEVRA"), 38 U.S.C. §§ 101, *et seq.*, is hereby DISMISSED WITH PREJUDICE as to all defendants;

(2) Plaintiff's cause of action pursuant to Executive Order 11246 is hereby DISMISSED WITH PREJUDICE against all defendants;

(3) Plaintiff's cause of action pursuant to the Fourteenth Amendment to the United States Constitution is hereby DISMISSED WITH PREJUDICE against all defendants except for the individual defendants in their individual capacities;

(4) Plaintiff's cause of action pursuant to the Tennessee Human Rights Act ("THRA"), T.C.A. § 4–21–101, *et seq.*, is hereby DISMISSED WITH PREJUDICE against all defendants;

(5) The defendant Trustees of the University of Tennessee, the University of Tennessee Center for International Education, and the University of Tennessee Affirmative Action Office are hereby DISMISSED with respect to all of plaintiff's remaining causes of action; and

(6) Plaintiff's claim for punitive damages is hereby DISMISSED WITH PREJUDICE against defendants The University of Tennessee and all of the individual defendants in their official capacities.

In all other respects, defendants' motion is hereby DENIED WITHOUT PREJUDICE.