104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Eddy Jean PHILIPPEAUX, Plaintiff-Appellant,
v.
NORTH CENTRAL BRONX HOSPITAL, New York City Health and
Hospital Corp., The City of New York, Defendants-Appellees.
 No. 96-7362.
 United States Court of Appeals, Second Circuit.
 Nov. 22, 1996.
 
 S.D.N.Y.
 AFFIRMED.
 Appeal from the United States District Court for the Southern District of New York (Cote, J.).
 FOR APPELLANT: Eddy Jean Philippeaux, Pro se.
 FOR APPELLEES: Stephen J. McGrath, Asst. Corp. Counsel, New York, NY.
 PRESENT: HONORABLE J. EDWARD LUMBARD, HONORABLE JOSEPH M. McLAUGHLIN, HONORABLE JOSE A. CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 Eddy Jean Philippeaux ("Philippeaux"), a 39 year old Black man of Haitian descent, applied for a position as a senior storekeeper at the North Central Bronx Hospital ("NCBH"). After an interview, the Hospital did not hire Philippeaux and continued to accept applications. A few months later, the Hospital hired Pablo Arroyo, a Hispanic male.
 
 
 4
 Believing that he was not hired for discriminatory reasons, Philippeaux filed a complaint with the Equal Employment Opportunity Commission alleging that the Hospital discriminated against him on the basis of race and national origin. The City was not named in this complaint. Next, Philippeaux sued the Hospital, the New York City Health and Hospital Corporation ("HCC"), and the City of New York in the United States District Court for the Southern District of New York (Cote, J.) alleging that NCBH officials conspired to discriminate against him based on (1) his race and (2) national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. and §§ 1981, 1983 and 1985; (3) his veteran status, in violation of the Civil Rights Act of 1964; and (4) his age, in violation of the Age Discrimination in Employment Act. Philippeaux also alleged that NCBH failed to honor his veteran's preference status as required by New York state law and that both the HHC and the City "failed to interfere in the protection of [his] Constitutional Rights."
 
 
 5
 The district court dismissed Philippeaux's age discrimination claim, §§ 1981, 1983, and 1985 claims, and claims based on his veteran status. The court allowed Philippeaux to proceed with his Title VII claim.
 
 
 6
 After discovery, the district court dismissed Philippeaux's Title VII claim against the City of New York for lack of jurisdiction.
 
 
 7
 After trial on the remaining claims, the jury returned a verdict in favor of the Hospital.
 
 
 8
 Philippeaux appeals, arguing that: (1) the district court erred when it dismissed his § 1981 claim; (2) the district court erred when it dismissed the City as a defendant in his Title VII claim; (3) his "sole" witness should have been allowed to testify; (4) the EEOC's and the New York State Division of Human Rights' "no probable cause" determinations should not have been admitted; (5) the judge improperly rushed him; (6) he should have received the assistance of a pro se staff attorney; and (7) the special verdict form and jury instructions were improper.
 
 
 9
 §§ 1981, 1983, and 1985 Claims
 
 
 10
 We review de novo a district court's dismissal for failure to state a claim. Sykes v. James, 13 F.3d 515, 518-19 (2d Cir.1993).
 
 
 11
 To recover under 42 U.S.C. §§ 1981, 1983 or 1985, a plaintiff must show that there is a "custom or policy" of the alleged discriminatory conduct. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735-36 (1989).
 
 
 12
 Philippeaux failed to allege any policy or custom of discrimination on the part of NCBH, HHC, or the City. Philippeaux's allegations centered on the two individuals who interviewed him. These allegations do not satisfy the "policy or custom" requirement of § 1983. Therefore, the district court did not err when it dismissed Philippeaux's §§ 1981, 1983 and 1985 claims.
 
 Dismissal of the City
 
 13
 Philippeaux's claim that the district court erred when it dismissed the City as a defendant in his Title VII claim is now moot, because the jury found that intentional discrimination was not a motivating factor in the decision not to hire Philippeaux, and therefore, returned a verdict for the Hospital.
 
 
 14
 Even on the merits, the district court did not err when it dismissed the City. The only exception to the general rule that to maintain a Title VII complaint a defendant must be named in the EEOC complaint, is when there is a clear "identity of interest" between the named and unnamed defendants. Johnson v. Palma, 931 F.2d 203, 209 (2d Cir.1991). Using our analysis in Johnson, there was no identity of interest between the Hospital and the City.
 
 Trial Errors
 
 15
 Philippeaux claims a series of trial errors. The record on appeal does not include trial transcripts. It is the appellant's burden, where appropriate, to include a transcript in the record. Fed. R.App. P. 10(b). To the extent that we cannot engage in meaningful review without trial transcripts, Philippeaux's claims of error may be dismissed. Savard v. Marine Contracting, Inc., 471 F.2d 536, 543 (2d Cir.1972).
 
 
 16
 Additionally, in order to warrant reversal on appeal, the party seeking reversal has the burden of showing that not only did a trial error occur, but that the error was prejudicial. Fed.R.Civ.P. 61; Palmer v. Hoffman, 318 U.S. 109, 116 (1943); United States v. Seaboard Surety Co., 817 F.2d 956, 964 (2d Cir.1987).
 
 
 17
 Philippeaux's claims that: (1) his sole witness did not testify, (2) EEOC and NYSDHR reports were improperly admitted, (3) he was rushed through trial, and (4) he was denied access to a pro se staff attorney. There is no evidence that any of the above claims have merit, and even if they do, Philippeaux fails to demonstrate how he was prejudiced by any of them.
 
 Special Verdict Form and Jury Instructions
 
 18
 Philippeaux has waived his right to appeal the special verdict form or the jury instructions because he failed to object to them at trial. Lavoie v. Pacific Press & Shear Co., 975 F.2d 48, 55 (2d Cir.1992).
 
 
 19
 Even without a procedural bar, Philippeaux's claims would fail. Reading the jury instructions as a whole, in conjunction with the special verdict form, the law and the jury's task was clear. See Cabrera v. Jakabovitz, 24 F.3d 372, 384 (2d Cir.), cert. denied, 115 S.Ct. 205 (1994).
 
 
 20
 We have considered all the additional arguments raised by Philippeaux, and find them to be without merit.
 
 
 21
 Accordingly, the judgment of the district court is AFFIRMED.