Patrick J. PHILLIPS, Plaintiff,

v.

MERCHANTS INSURANCE
GROUP, Defendant.

No. 95–CV–498.

United States District Court,
N.D. New York.

Jan. 13, 1998.

Patrick J. Phillips, Saratoga Springs, NY,
pro se.

Jaeckle, Fleischmann Law Firm, Buffalo,
NY (Robert Weissflach, of counsel), for Defendant.

## MEMORANDUM-DECISION AND ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Plaintiff Patrick Phillips was employed by defendant Merchants Insurance Group until March 1, 1994, when he was terminated for alleged poor job performance. On December 7, 1994, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming that Defendant discriminated against him on the basis of his gender and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA").

After considering Plaintiff's allegations, the EEOC determined that "the evidence obtained during the investigation was insufficient to establish violations of the statutes." On April 11, 1995, Plaintiff filed the instant Complaint with this Court, along with an application to proceed in forma pauperis ("IFP"). The case was referred by the Court to the Hon. Ralph W. Smith, United States Magistrate Judge. In an Order and Report–Recommendation dated May 31, 1995, Judge Smith denied Plaintiff's IFP request and also determined that the Complaint did not satisfy the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. As a result, Judge Smith recommended that the Complaint be dismissed without prejudice, granting Plaintiff 45 days to file an amended complaint.[1]

---

1. In his original Complaint Plaintiff submitted a form complaint to which he added information and numerous references to sources other than the Complaint (e.g., "See statement attached to EEOC and follow-up correspondence with EEOC and U.S. Dept. of Labor.") Judge Smith direct-

Plaintiff submitted an Amended Complaint on July 6, 1995. The only significant difference between Plaintiff's Amended Complaint and his original Complaint was the addition of two unnumbered paragraphs that simply updated the Complaint by adding new facts. Accordingly, on December 13, 1995, this Court dismissed Plaintiff's Amended Complaint for failure to comply with Rules 8 and 10. Plaintiff appealed the dismissal, and the Second Circuit affirmed, but ordered that the dismissal be without prejudice to the filing of a second amended complaint.

On November 25, 1996, Plaintiff filed his Second Amended Complaint, which sets forth five causes of action: (1) age discrimination under the ADEA; (2) sex discrimination under Title VII; (3) age discrimination in violation of the New York Human Rights Law ("HRL"); (4) sex discrimination in violation of the HRL; and (5) employment discrimination on the basis of veteran status in violation of the Vietnam Era Veterans' Readjustment Assistant Act ("VEVRA" or the "Act"), 38 U.S.C. § 4212. The VEVRA claim had not been raised in Plaintiff's prior pleadings.

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's VEVRA claim.

## II. DISCUSSION

■ Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." In analyzing a motion to dismiss, the facts alleged by the plaintiff are assumed to be true and must be liberally construed in the light most favorable to the plaintiff. *See, e.g., Easton v. Sundram*, 947 F.2d 1011, 1014–15 (2d Cir.1991), *cert. denied*, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). While a court need not accept mere conclusions of law, a court should accept the pleader's description of what happened along with any conclusions that can reasonably be drawn therefrom. *See Murray v. City of Milford*, 380 F.2d 468 (2d Cir.1967).

ed, *inter alia*, that "[s]uch amended complaint, which shall supersede and replace in its entirety the original complaint filed by Phillips, must contain sequentially numbered paragraphs in

■ Furthermore, when a party makes a Rule 12(b)(6) motion to dismiss, a court will limit its consideration to the facts asserted on the face of the complaint. *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir.1989). A complaint will not be dismissed for failure to state a claim unless it appears, beyond a doubt, that the plaintiff can prove no set of facts that would entitle him or her to relief. *See Wanamaker v. Columbian Rope Co.*, 740 F.Supp. 127 (N.D.N.Y.1990).

With this standard in mind, the Court will address the sufficiency of Plaintiff's VEVRA claim.

### A. Plaintiff's Veterans Status Claim

■ The Vietnam Era Veterans' Readjustment Assistant Act provides that

(a) Any contract in the amount of $10,000 or more ... shall contain a provision requiring that the party contracting with the United States shall take affirmative action to employ and advance in employment qualified special disabled veterans and veterans of the Vietnam era. . . .

(b) If any special disabled veteran or veteran of the Vietnam era believes any contractor of the United States has failed to comply or refuses to comply with the provisions of the contractor's contract relating to the employment of veterans, the veteran may file a complaint with the Secretary of Labor, who shall promptly investigate such complaint and take appropriate action in accordance with the terms of the contract and applicable laws and regulations.

38 U.S.C. § 4212.

VEVRA thus requires employers who enter into certain contracts with the United States to have affirmative action programs for Vietnam veterans. 38 U.S.C. § 4212(a). Veterans who believe themselves to be victims of discrimination may complain to the Secretary of Labor, who is charged with the responsibility of enforcing the Act administratively. 38 U.S.C. § 4212(b). However, the Act is silent as to whether an employer

which plaintiff shall allege specific facts [that], if proven, would entitle plaintiff to the relief sought by such pleading."

can be sued for failure to comply with the Act.[2] Instead, VEVRA specifically provides for the Office of Personnel Management's oversight:

The Office of Personnel Management shall be responsible for the review and evaluation of the implementation of this section and the activities of each agency to carry out the purpose and provisions of this section.

38 U.S.C. § 4214(d). Section 4214(d) provides for annual reports to Congress on the progress made under the plans; and pursuant to its duty under § 4214(d), the Office of Personnel Management has authored regulations specifically detailing the duty of federal agencies to create, implement and improve affirmative action plans for disabled veterans. *See* 5 C.F.R. §§ 720.301–720.306.

As the Third Circuit recently stated in *Antol v. Perry*, 82 F.3d 1291, 1298 (3d Cir. 1996):

There may be many reasons why Congress chose not to provide for private suits ... under VEVRA to enforce § 4214(c). We will not speculate as to those reasons. Regardless of whether we would agree with those reasons, Congress did not intend a private right of action, and we cannot create one under the guise of statutory construction.

Indeed, every court that has addressed this issue has held that VEVRA does not create a private right of action for veterans alleging employment discrimination. *See Harris v. Adams*, 873 F.2d 929, 932 (6th Cir.1989); *Barron v. Nightingale Roofing, Inc.,* 842 F.2d 20, 21–22 (1st Cir.1988); *Stefanovic v. University of Tennessee*, 935 F.Supp. 944, 948 (E.D.Tenn.1996); *Brace v. Ohio State University*, 866 F.Supp. 1069, 1073 (S.D.Ohio 1994); *Wilson v. Amtrak National Railroad Corporation*, 824 F.Supp. 55, 58 (D.Md.1992); *Butler v. McDonnell–Douglas Saudi Arabia Corporation*, 93 F.R.D. 384, 387–88 (S.D.Ohio 1981). Moreover, in this circuit Judge Cote of the Southern District of New York stated, albeit in dicta:

Because Congress has provided for an administrative review procedure, even if plaintiff could ultimately bring a claim under Section 4212, he must first seek administrative relief. .... Because plaintiff has no direct cause of action either under 38 U.S.C. § 523 or under 38 U.S.C. § 4212, and because neither of these provisions can be enforced through 42 U.S.C. § 1983, this Court dismisses with prejudice plaintiff's federal law cause of action based on defendants' failure to give preference to plaintiff's veteran status.

*Philippeaux v. North Central Bronx Hosp.*, 871 F.Supp. 640, 648 (S.D.N.Y.1994), *aff'd,* 104 F.3d 353, 1996 WL 680758 (2d Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1110, 137 L.Ed.2d 312 (1997).

Accordingly, Plaintiff's cause of action under VEVRA must be dismissed.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. Plaintiff's Fifth Cause of Action, alleging a violation of the Vietnam Era Veterans' Readjustment Assistant Act, is dismissed with prejudice.

**IT IS SO ORDERED.**

---

2. In 1994, Congress enacted the "Uniform Services Employment and Reemployment Rights Act of 1994," which prohibits employment discrimination on the basis of military service, *see* 38 U.S.C. § 4311 (Supp.1997), and provides a private right of action for enforcement of rights under the Act. *See* 38 U.S.C. § 4323 (Supp. 1997). However, the 1994 changes did not become effective until October 13, 1994; therefore, they are not applicable here because Plaintiff's firing occurred in March, 1994.