Calvia Lynn HILL, Plaintiff–Appellant,

v.

**METROPOLITAN GOVERNMENT OF NASHVILLE and Davidson County, Tennessee, Defendant–Appellee.**

No. 02–5305.

United States Court of Appeals, Sixth Circuit.

Dec. 17, 2002.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS, District Judge.*

*ORDER*

Calvia Lynn Hill, a Tennessee resident proceeding pro se, appeals the district court order granting summary judgment to the defendant in this employment discrimination case. This case has been referred to a panel of the court pursuant to

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After exhausting his administrative remedies, Hill sued the Metropolitan Government of Nashville and Davidson County (Metropolitan) for damages and back pay. Hill, who suffers from bipolar disorder and chronic fatigue syndrome, alleged that Metropolitan discriminated against him in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA) when Metropolitan failed to hire him as a corrections officer for the sheriff's department. Both parties moved for summary judgment. The magistrate judge recommended granting summary judgment to Metropolitan. The magistrate judge found that Hill had failed to allege any facts in support of his Title VII claim, failed to establish a prima facie ADA case, and failed to show that Metropolitan's stated reason for not hiring him was a pretext for discrimination. The district court adopted the magistrate judge's report and recommendation over Hill's objections and with modification. The court held that Hill failed to establish a prima facie case of disability discrimination, and therefore declined to reach the issue of pretext.

In his timely appeal, Hill argues that Metropolitan violated the ADA and that his former employers retaliated against him by giving negative references.

■ Initially, we note that the only issue on appeal is Hill's ADA claim because that is the only claim he addresses in his brief. Hill has waived appellate review of his Title VII claim. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997).

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ Upon review, we conclude that the district court properly granted summary judgment to Metropolitan. Hill applied for a May 2000 corrections officer class in February 2000. He achieved a score of "outstanding" on the civil service exam, and passed the screening, interview, writing, and preliminary physical ability portions of the hiring process. When asked whether he could work any of the three shifts in Metropolitan's twenty-four hour schedule, Hill told an interviewer that he could only work the first shift because of his disability. Metropolitan contacted Hill's former employers and received negative references from two of them. The North Carolina Department of Corrections employed Hill as a corrections officer from March 1996 to November 1997, and fired him for "grossly inefficient job performance and unacceptable personal conduct." Blanchfield Army Community Hospital employed Hill as a nursing assistant from July to October 1999, and terminated him "due to his job performance." Metropolitan chose twenty-one of the sixty-four applicants to attend training class, and Hill was not one of them. Metropolitan's human resources director Tim Kramer swore that Metropolitan declined to extend an offer to Hill solely because of his poor employment history.

Hill did not establish a prima facie case of disability discrimination because he presented insufficient evidence that he is disabled for purposes of the ADA. *See Swanson v. Univ. of Cincinnati*, 268 F.3d 307, 314 (6th Cir.2001). It is undisputed that Hill has a mental impairment by virtue of his bipolar disorder. Moreover, his claim

that he could only work first shift because the medication he took for his bipolar disorder made him sleepy was relevant to the question of whether he was disabled. *See Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 482, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). However, his diagnosis alone did not mean that he was disabled. *See Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 692, 151 L.Ed.2d 615 (2002). Furthermore, it is doubtful that the activities Hill relied upon, e.g., sitting and thinking, constitute major life activities under the ADA. Thus, the district court properly concluded that Hill failed to present enough evidence that he was disabled.

■ We further conclude that, even if Hill had established a prima facie case of disability discrimination, Metropolitan articulated a legitimate, nondiscriminatory reason for not hiring him. *See Swanson,* 268 F.3d at 314. Metropolitan relied on Hill's two poor references, one involving the same position he was seeking from Metropolitan, to conclude that Hill was unsuited for the position. Moreover, Hill presented no proof that Metropolitan's reason was a pretext for discrimination. *See Manzer v. Diamond Shamrock Chem. Co.,* 29 F.3d 1078, 1084 (6th Cir.1994).

We have considered Hill's arguments on appeal and conclude that they are without merit. Hill failed to meet his ultimate burden of presenting evidence on which a jury could reasonably find that Metropolitan discriminated against him because of a disability. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Swanson,* 268 F.3d at 314. Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.