**Joseph D. SMITH, Plaintiff,**

v.

**ROSENTHAL COLLINS GROUP, LLC, Maureen C. Downs, and Douglas O. Kitchen, Defendants.**

**No. 03–2360 M1/A.**

United States District Court,
W.D. Tennessee,
Western Division.

March 25, 2004.

Carolyn Howard, Esq., Norwood Howard & Atchley, Memphis, TN, for Plaintiff.

Thomas L. Henderson, Esq., Lewis Fisher Henderson Claxton and Mulroy, Memphis, TN, Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

MCCALLA, District Judge.

This case is before the Court on Defendants' Motion to Dismiss, filed August 5, 2003. Plaintiff responded in opposition on September 2, 2003. For the following reasons, the Court DENIES Defendants' motion.

Plaintiff filed his Complaint in this case on May 20, 2003. The allegations in the Complaint arise from the termination of Plaintiff's employment as a broker with Rosenthal Collins Group, LLC on July 27, 2001, and his administrative discharge from Rosenthal Collins Securities, with whom he was establishing a business relationship, on August 13, 2001. The Complaint alleges that Rosenthal Collins Group terminated his employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), because it perceived him as disabled due to his bipolar disorder. The Complaint also asserts a state law cause of action against all Defendants for various breaches of his written contract with Rosenthal Collins Group. Plaintiff brings state law claims against all Defendants for statutory procurement of breach of contract, tortious interference with contract, and tortious interference with business relationship arising from the termination of his business relationship with Rosenthal Collins Securities.

## I. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted." When considering a 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true, *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir.1992), and must construe all of the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

## II. Analysis

Rosenthal Collins Group moves to dismiss the ADA claim. All Defendants move to dismiss the claims for statutory procurement of breach of contract, tortious interference with contract, and tortious interference with business relationship. Defendants have not moved to dismiss the claim in Count II for breach of contract.[1]

---

1. In Plaintiff's response, he requested default judgment on the breach of contract claim due to Defendants' failure to file a motion to dismiss or answer the Complaint as to this claim. The Court denies Plaintiff's request.

### A. ADA Claim

■ Rosenthal Collins Group initially moved to dismiss the ADA claim on the basis that Plaintiff is not disabled because he uses medication to control his bipolar disorder. Plaintiff acknowledges that he is not disabled, nor does his Complaint so plead. Rather, he argues that Rosenthal Collins Group regarded him as disabled pursuant the third definition of disability under the ADA. (Compl.¶¶ 48, 61–62.)

The Americans with Disabilities Act defines disability as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2). Plaintiff states a subsection (C) claim for disability discrimination under the "regarded as" definition of disability; therefore, Defendant's argument, which would address a subsection (A) claim, is not an adequate basis for dismissing the claim asserted.

Rosenthal Collins Group also argues in the reply brief that Plaintiff's Complaint contains contradictory statements that can not support a finding that Rosenthal Collins Group regarded Plaintiff as disabled under the ADA. Plaintiff's statement of the facts alleges that Defendant Kitchen wanted Plaintiff to quit taking medications for his bipolar disorder so that he could focus on his futures commission base. (Compl.¶ 23.) Rosenthal Collins Group maintains that this allegation is inconsistent with Plaintiff's perceived disability claim because, by his own allegations, his

employer wanted him to stop taking his medications and continue working. (Def.'s Reply at 3.) Rosenthal Collins Group argues that the allegations in the Complaint show that it "did not even regard his disorder as serious enough to require continued medication." (*Id.*)

Plaintiff's Complaint also contends that "[h]is medications, taken daily [sic], caused sluggishness and an ebb of energy in the mornings". (Compl. ¶ 16; *see also* Compl. ¶ 19.) According to the Supreme Court, "if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures—both positive and negative—must be taken into account when judging whether that person is 'substantially limited' in a major life activity and thus 'disabled' under the Act." *Sutton v. United Air Lines,* 527 U.S. 471, 482, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Moreover, the Sixth Circuit has advised that "it may well be in some instances that the controlling medication (or other mitigating measure) will itself impose a substantial limitation on an individual's major life activities." *Gilday v. Mecosta County,* 124 F.3d 760, 767 (6th Cir. 1997). Taking the allegations in the light most favorable to Plaintiff, as the Court must do on a motion to dismiss, Plaintiff states a claim that Rosenthal Collins Group regarded him as disabled due to the effects of his medication for bipolar disorder. Defendant Kitchen's request that he stop taking the medication is consistent with such a theory. The Court DENIES the motion to dismiss the ADA claim.[2]

---

2. In Plaintiff's brief he argues that Rosenthal Collins Group regarded him as disabled in the major life activities of "cognitive thinking and coping with multiple tasks." (Pla.'s Resp. at 4.) The Court notes that the Sixth Circuit previously stated it is doubtful that thinking constitutes a major life activity. *Hill v. Metro. Gov't of Nashville & Davidson County,* 54

Fed.Appx. 199, 201, 2002 WL 31863829, *2 (6th Cir.1999) (finding that the plaintiff was not disabled although he suffered from bipolar disorder). However, the question of those activities in which Plaintiff has been regarded as substantially limited is not before the Court on the present motion.

## B. State Law Claims

Defendants argue that Plaintiff's state law claims for statutory procurement of breach of contract, tortious interference with contract, and tortious interference with business relationship are each barred by the statute of limitations.

▪ The last act upon which Plaintiff bases his claims is his August 13, 2001 administrative discharge from Rosenthal Collins Securities and the simultaneous dissolution of his Independent Contractor's Agreement. Plaintiff filed his Complaint on May 20, 2003. Defendants argue that the one-year statute of limitations for personal tort claims under Tennessee Code Annotated § 28–3–104 applies to each of the three claims on which it requests dismissal and that each of these claims must be dismiss as time-barred. Section 28–3–104 provides in pertinent part:

The following actions shall be commenced within one (1) year after the cause of action accrued:

(1) Actions for libel, injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise;

(2) Actions and suits against attorneys or licensed public accountants or certified public accountants for malpractice, whether the actions are grounded or based in contract or tort;

(3) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes; and

(4) Actions for statutory penalties.

Plaintiff argues in response that his claims should be governed by the three-year statute of limitations for property tort claims under Tennessee Code Annotated § 28–3–105. Plaintiff's claims are timely if this section provides the appropriate statute of limitations. Section 28–3–105 provides in pertinent part:

The following actions shall be commenced within three (3) years from the accruing of the cause of action:

(1) Actions for injuries to personal or real property;

(2) Actions for the detention or conversion of personal property; and

(3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability.

The parties agree that "[i]n Tennessee, the appropriate statute of limitation for a claim is determined by the gravamen of the complaint, which in turn is assessed by the type of injuries claimed and damages sought." *Mackey v. Judy's Foods, Inc.,* 654 F.Supp. 1465, 1471 (M.D.Tenn.1987.) However, they have cited conflicting case law on the issue of which limitations period the Court should apply. *Compare Carlson v. Hightower,* 612 F.Supp. 603, 605 (E.D.Tenn.1985) (applying one-year statute of limitations from § 28–3–104 to action for tortious interference with contractual relations), *with Carruthers Ready–Mix, Inc. v. Cement Masons Local Union No. 520,* 779 F.2d 320, 324 (6th Cir.1985) (applying three-year statute of limitations from § 28–3–105 to actions for inducement of breach of contract and unlawful interference with a business because "the right to be free from interference with one's business arises under Tennessee law from every person's 'right of *property* in his own labor' ") (emphasis in original), *Collins v. Greene County Bank,* 916 S.W.2d 941, 947 (Tenn.Ct.App.1995) (applying three-year statute of limitations to tort of interference with a contractual relationship) *and Dorsett Carpet Mills v. Whitt Tile and Marble Distrib. Co.,* 1986 WL 622, *3, 1986 Tenn. App. Lexis 2784, *9 (Tenn.Ct.App. Jan. 2,

1986) ("Th[e] limitation period [in Tenn. Code Ann. § 28–3–105] has been applied to cases involving inducement to breach of contract.").

The single district court opinion cited by Defendants in support of a one-year statute of limitations pre-dates the Sixth Circuit's opinion in *Carruthers* and the Tennessee state court decisions in *Collins* and *Dorsett*. Therefore, the Court follows the governing precedent and applies the three-year statute of limitations for injuries to property from § 28–3–105 to Plaintiff's common law tort claims.

Defendants have offered no reason to distinguish the statutory procurement of breach of contract claim under Tenn.Code Ann. § 47–50–109 from the common law tortious interference claim for statute of limitations purposes. The Court sees no reason to distinguish between them because they contain precisely the same elements, with the exception of the type of damages recoverable. *Givens v. Mullikin,* 75 S.W.3d 383, 405 (Tenn.2002). Therefore, the Court applies the three-year limitations period to this claim as well. *See Misco v. United States Steel Corp.,* 784 F.2d 198, 204–05 (6th Cir.1986) (finding that Tennessee's ten-year catchall limitations provision does not apply to claims under § 47–50–109, but declining to determine whether the relevant limitations period is one year or three years). All parties acknowledge that when measured by a three-year limitations period Plaintiff's claims are not time-barred. The Court DENIES Defendants' motion to dismiss these claims.